# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**PATRICK GUILLORY, JR. (# 587254)**　　　　　**CIVIL ACTION**

**VERSUS**　　　　　**NO. 17-370-JWD-EWD**

**DARREL VANNOY, ET AL.**

## RULING

This matter comes before the Court on Plaintiff's Amended Complaint,[1] which the Court interprets to be a Motion for Relief from Judgment brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and Plaintiff's Motion to Proceed *in Forma Pauperis*.[2] These Motions shall be denied.

Pursuant to Judgment dated November 7, 2017,[3] the above-captioned proceeding was dismissed for failure of the plaintiff to correct the deficiencies in his pleadings of which he was notified. The plaintiff did not take an appeal from that Judgment. Now, the plaintiff has submitted pleadings to the Court in an apparent attempt to correct the noted deficiencies. He thus seeks to re-open this proceeding and obtain substantive consideration of his original claim.

Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief. Plaintiff has not provided any factual assertions which would support the applicability of any of the first five subsections of Rule 60(b).

---

[1] R. Doc. 5.
[2] R. Doc. 6.
[3] R. Doc. 4.

Further, to the extent that Plaintiff's pleading may be interpreted as seeking relief under the catch-all provision of Rule 60(b)(6), the motion fares no better. This provision allows a Court to vacate a judgment for "any other reason that justifies such relief" and provides a residual clause meant to cover unforeseen contingencies and to accomplish justice in exceptional circumstances.[4] The relief afforded by Rule 60(b)(6) is meant to be extraordinary relief, and it requires that the moving party make a showing of extraordinary circumstances justifying such relief.[5] In the instant motion, Plaintiff has made no showing of unusual or unique circumstances to support the application of Rule 60(b)(6). Furthermore, Plaintiff's submitted pleadings remain deficient as Plaintiff failed to properly complete the required form and submit the filing fee or proper documentation to support the request to proceed as a pauper.[6] Accordingly, Plaintiff has not shown that he is entitled to reinstatement of his claim; therefore,

**IT IS ORDERED** that Plaintiff's Motion for Relief from Judgment[7] be and is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed *in Forma Pauperis*[8] be and is hereby **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on June 20, 2019.

---

                        **JUDGE JOHN W. deGRAVELLES**
                        **UNITED STATES DISTRICT COURT**
                        **MIDDLE DISTRICT OF LOUISIANA**

---

[4] *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007).
[5] *Hess v. Cockrell*, 281 F.3d 212, 216, (5th Cir. 2002).
[6] R. Doc. 5.
[7] R. Doc. 5.
[8] R. Doc. 6.